IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**EFRAIN PEÑA BALLESTEROS,**

    Petitioner,

vs.                                               Case No. 4:13cv320-RH/CAS

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    Petitioner, proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, doc. 1, and a motion for leave to proceed in forma pauperis, doc. 2.  Ruling should be deferred on the in forma pauperis motion, doc. 2, because it does not appear that this case was intended to be filed in this Court.

    At the top of both the in forma pauperis motion and the petition, Petitioner indicated this case should be filed in the "Tampa" Division.  Tampa is not within the Northern District of Florida but, rather, is in the Middle District of Florida.  Moreover, the only named Respondent in this case is the "State of Florida, Circuit County Court Felony Room #202, Tampa, Florida."  Doc. 1 at 1.  Because the Respondent is in Tampa, it would further support the conclusion that Petitioner intended to file this case in the Middle District and not in this Court.

Under 28 U.S.C. § 2241(d), this Court has discretion in the furtherance of justice to transfer a petition for writ of habeas corpus to another district court.  Section 2241(d) also provides concurrent jurisdiction in the district in which the petitioner is in custody, or in the district in which petitioner was convicted and sentenced.  28 U.S.C. § 2241(d).  The petition has been reviewed to determine the most appropriate venue for this case pursuant to 28 U.S.C. § 1404(a).[1]

Petitioner states that he is detained at the Krome Service Processing Center which is in Miami, Florida.  Doc. 1.  Petitioner states this case concerns both his conviction and immigration or removal proceedings.  *Id.* at 2.  Petitioner advises that he "involuntarily" entered a guilty plea.  *Id.*  Petitioner contends the plea "was not made knowingly, intelligently or voluntarily" because his attorney never advised him of the potential deportation consequences.[2]  *Id.* at 3.  Petitioner also raises several other challenges to his conviction.  *Id.* at 3-5.  Therefore, because this petition concerns a

---

[1] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

[2] Presumably, Petitioner's challenge to his plea is premised upon the rule of Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), that counsel must advise his or her client of the immigration consequences of pleading guilty to criminal charges.  It is unclear whether this claim could go forward after the ruling in Chaidez v. United States, 568 U.S. ——, 133 S.Ct. 1103 (Feb. 20, 2013), that Padilla established a "new rule" for retroactivity purposes, and that "defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Id. at ——, 133 S.Ct. at 1113; *see also* United States v. Garcia, 2013 WL 1799861 at *1 (11th Cir. April 30, 2013); Aguila v. United States, 2013 WL 1316472 at *1 (11th Cir. April 3, 2013).  It appears that Petitioner's conviction was in 2003 and, thus, it does not appear that the petition presents a viable claim under Padilla.  However, Petitioner's remaining claims should be addressed in the Middle District where Petitioner was convicted.

state criminal conviction from Tampa, Florida, it should be transferred to the United States District Court, Middle District of Florida for all further proceedings.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this petition for writ of habeas corpus pursuant to § 2241 be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 3, 2013.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**